UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS

KRISTA NESBIT, ET AL                    NO. 08-29-C

## RULING ON MOTIONS FOR BILL OF PARTICULARS

On March 13, 2008, the defendants herein were charged in a twelve-count indictment. Defendant Krista Nesbit ("Nesbit") is charged in Count Three of the indictment with mail fraud and wire fraud relating to making, processing, and collecting of proceeds from an insurance claim, in violation of Title 18, United States Code, Section 371. Nesbit has filed a Motion for Bill of Particulars (Doc. No. 54). The Government has filed opposition.

Through this motion, Nesbit argues that she is entitled to a bill of particulars under Rule 7(f) of Fed. Rules Cr. P. Nesbit contends that the bill of particulars address areas that are black and white rather than gray. Nesbit further contends that the government must identify undisclosed and unidentified co-conspirators, aiders, and abettors and must provide particularization of allegedly false statements made by defendants. Therefore, Nesbit requests the following particulars, under the indictment:

Doc#1875

1) As to paragraph 22(e) of the indictment, please describe with specificity what all information Nesbit provided to Hartford concerning the operation and finances of American Wholesale Fu rniture the government claims was false.

2) As to paragraph 23(k) please describe with specificity what information provided by Nesbit during an examination under oath the government claims was false.

3) Please name all unindicted co-conspirators.

4) Please describe with particularity any over acts the government alleges were committed by such unindicted co-conspirators.

Rule 7(f) of the Federal Rules of Criminal Procedure provides, as follows:

> **(f) Bill of Particulars.** The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

"The purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution."[1] A court must consider a defendant's need for information while mindful that the bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial."[2] Whether to grant a bill of particulars is within a trial court's sound discretion; for

---

[1] **United States v. Mackey,** 551 F.2d 967, 970 (5th Cir. 1977).

[2] **United States v. Burgin,** 621 F.2d 1352, 1359 (5th Cir.), cert. denied, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980).

practical purposes, the trial court's discretion is almost invariably final.[3]

In opposition, the Government asserts that the indictment is detailed and thorough and that Count Three alleges all of the statutory elements of the charged offense and provides additional details of the crime with which the defendant is charged. The Government argues that requests 1 and 2 lack merit because Count Three of the indictment properly alleges the statutory elements of the offense and is sufficiently detailed to place the defendant on notice as to the allegations against her.  The Government argues that with regard to request 3 and 4, the requests are overly broad and the defendant has not shown that she would be unfairly prejudiced if this information is not disclosed.

After reviewing the indictment, the court notes that the text of the Manner and Means of the Conspiracy Section of Count Three of the Indictment alleges that Nesbit "provided fals e information to Hartford concerning the operations and finances of American Wholesale Furniture."  The court further notes that the text of the Overt Acts Section of Count Three of the Indictment alleges that "[o]n February 8, 2007, NESBIT provided false information during an examination under oath conducted by Hartford representatives." The time frame for the conspiracy is included in the indictment as beginning in or about June, 2006 and continuing thereafter until at least December 7, 2007.  The indictment also includes a specific date as to when Nesbit provided false information to Hartford representatives and

---

[3] See **Mackey**, 551 F.2d at 970.

the government indicated that it has provided defendant with a transcript of that examination with the Hartford representatives. While a defendant is "entitled to a plain concise statement of the essential facts constituting the offenses charged, the indictment need not provide him with the evidentiary details by which the government plans to establish his guilt."[4] The Court finds that the bill of particulars filed herein seeks information beyond that which the government is obligated to provide and, therefore, that defendant's requests lack merit and should be denied.

With regard to Nesbit's request for disclosure of unindicted co-conspirators and a list of any overt acts committed by these unindicted co-conspirators, there is generally no right to a list of names and address of government witnesses through a bill of particulars.[5] "[T]here is no general requirement that the government disclose in a bill of particulars all the overt acts it will prove in establishing a conspiracy charge.[6] Besides, the defendant is obligated to show that she will be prejudiced if she does not receive the information sought in her bill of particulars.[7] The court finds that Nesbit has not met her burden of establishing her right to receive the information sought.

---

[4] **United States v. Gordon,** 780 F.2d 1165, 1171-72 (5th Cir. 1986).

[5] **United States v. Pena,** 542 F.2d 292, 294 (5th Cir. 1976).

[6] **United States v. Quesada,** 512 F.2d 1043, 1046 (5th Cir.), cert. denied, 423 U.S. 946, 96 S.Ct. 356, 46 L.Ed.2d 277 (1975).

[7] See **United States v. Barrentine,** 591 F.2d 1069, 1077 (5th Cir.), cert. denied, 444 U.S. 990, 100 S.Ct. 521, 62 L.Ed.2d 419 (1979).

Accordingly, for the foregoing reasons:

IT IS ORDERED that the Motion for Bill of Particulars (Doc. No. 54) is hereby DENIED.

Baton Rouge, Louisiana, this 2nd day of December, 2010.

RALPH E. TYSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA